IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| THE SAVINGS BANK MUTUAL LIFE INSURANCE COMPANY OF MASSACHUSETTS,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW JARED SHELTON,<br><br>    Defendant. | §§§§§§§§§§§§§ C.A. No. 2:19-cv-340 |

## COMPLAINT

Plaintiff The Savings Bank Mutual Life Insurance Company of Massachusetts ("SBLI") complains of Defendant Andrew Jared Shelton ("Shelton") and states:

## PARTIES

**1.** **SBLI.** SBLI is a Massachusetts insurance company with its principal office and place of business in Woburn, Massachusetts. SBLI is a citizen of Massachusetts.

**2.** **Shelton.** Shelton is, upon information and belief, a Texas citizen who may be served at his residence address, 2124 Escondido Street, Portland, Texas 78734,[1] or wherever he may be found.

## JURISDICTION AND VENUE

**3.** **Jurisdiction.** The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). SBLI is and has at all relevant times been a citizen of Massachusetts, and Shelton is and, upon information and belief, has at all relevant times been a citizen of Texas. Complete diversity of

---

[1] In a recently filed motion in another proceeding, Shelton listed this address as his home address, and according to the records of the San Patricio County Appraisal District, he is a co-owner of this real property.

citizenship thus exists between the parties. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. **Venue**. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as Shelton resides here and a substantial part of the events or omissions giving rise to SBLI's claims occurred here.

## OPERATIVE FACTS

5. **The Application.** By Life Insurance Application dated October 6, 2017, Shelton applied to SBLI for a 30-year level term life insurance policy with a $500,000.00 face amount. In Part I of the Application, which he initially completed with the assistance of his producer, Richard L. Olson ("Olson"), and then verified in a call with SBLI on a recorded line, Shelton stated that he had used chewing tobacco, on an average of two cans a week, for five years and had last used it in March 2014. Shelton certified that his answers in Part I of the Application were "true, complete, and correct to the best of [his] knowledge and belief," and he acknowledged that SBLI, "believing the statements and answers to be true, complete, and correct," would be relying and acting on them.

6. The same day, Shelton signed Part II of the Application, which included a series of medical questions. In response to SBLI's specific questions, Shelton denied that he had a primary care provider and stated that he had not consulted with or received treatment from a care provider in the last five years. As he had with respect to Part I of the Application, Shelton certified that his answers in Part II of the Application were "true, complete, and correct to the best of [his] knowledge and belief," and he acknowledged that SBLI, "believing the statements and answers to be true, complete, and correct," would be relying and acting on them.

7. **The Policy.** In reliance on the accuracy of the information it received from Shelton, effective November 22, 2017, SBLI issued its Convertible Term Life Insurance Policy no. 204850654 (the "Policy"), which was on Shelton's life, had a guaranteed death benefit of $500,000.00, and had an annual premium of $499.99 that was payable for 30 years. Based upon Shelton's assertion that he had not used tobacco for over three years, SBLI issued the Policy at the Preferred Non-Nicotine premium classification. On November 8, 2017, SBLI delivered the original of the Policy, with copies of (among other documents) Parts I and II of the Application attached, to Shelton, and in the Policy Delivery Receipt, he acknowledged that his health and medical history "remain[ed] in every aspect as described in the application." Shelton also acknowledged that his coverage would take effect only if (among other requirements) he was "living and insurable as described in each part of the application for the policy."

8. **SBLI Learns of Shelton's Misrepresentations.** Following the issuance and delivery of the Policy, SBLI received a report from the Medical Information Bureau ("MIB") indicating that Shelton had, within one year of the Application, used some type of tobacco product or nicotine substitute. SBLI thereafter requested records on Shelton from Christus Family Care Portland, which revealed that

- At an office visit on September 19, 2016, Shelton informed Nurse Practitioner Mayra Garza that he was using chewing tobacco five or more times a day; and

- At an office visit on October 24, 2017, Shelton informed Dr. Jorge Ramirez that he was using chewing tobacco five or more times a day.

9. **SBLI Rescinds the Policy.** SBLI determined that Shelton had, in failing to truthfully answer SBLI's questions in the Application, made misrepresentations that were material to the underwriting risk and were relied upon by SBLI in issuing the Policy. Had SBLI known of Shelton's true health history, it would not have issued the Policy to him with a Preferred Non-Nicotine premium rating; instead, it would have charged a Nicotine premium

**COMPLAINT** – Page 3

rating that would have been over three times higher than the amount it was charging him. Shelton did not accept either of SBLI's offers to reform the Policy by agreement, and he did not pay the additional premiums that he would have been payable had he told the truth in the Application. As such, promptly upon its filing of this action, SBLI will give written notice to Shelton that it will not be bound by the Policy and will tender, upon his execution of a written agreement memorializing the rescission of the Policy, the premiums (with interest) that have been paid for it.

## CAUSES OF ACTION

10. **Rescission**. For the reasons set forth above, SBLI requests the Court to rescind and cancel the Policy and find that it was null and void as of the date of its issuance.

11. **Declaratory Judgment.** Alternatively, if it is judicially determined that the Policy is not rescinded, then SBLI states that there is an actual justiciable controversy between the parties and requests the Court to adjudicate, pursuant to 28 U.S.C. § 2201, that

   (a) **Rescission.** Shelton made material misrepresentations in the Application for the Policy, which is rescinded as of its effective date; and

   (b) **Good Health.** The Policy never became effective because, at the time the Policy was delivered and the first premium was paid, Shelton's health was not the same as given in the Application.

12. **Attorney's Fees.** SBLI seeks to recover, pursuant to 28 U.S.C. § 2201 and/or any other applicable statute or theory, the attorney's fees it has incurred and will in the future incur with respect to this matter. SBLI requests that it be allowed to retain the premiums for the Policy due to the fraudulent conduct described herein or, in the alternative, that any premiums that would otherwise be returned to Shelton be offset by the damages that SBLI has incurred,

including, but not limited to, the commissions it paid to Olson, the expenses it incurred in connection with the issuance and administration of the Policy, and the expenses it incurred in connection with the investigation described herein and the filing and prosecution of this action.

## CONTINUING INVESTIGATION

13.  SBLI reserves the right to supplement its position in this action with the additional information it learns through its ongoing investigation and discovery in this action.

## RELIEF REQUESTED

14.  **Prayer.** SBLI respectfully requests the following relief:

(a) That Shelton be served with the Complaint and Summons and required to answer in the time and manner prescribed by law;

(b) That the Court adjudicate that the Policy is cancelled and rescinded and is of no force or effect or, in the alternative, award SBLI the declaratory relief requested above;

(c) That SBLI have and recover its attorney's fees and court costs; and

(d) That SBLI have all such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: /s/ Andrew C. Whitaker
Andrew C. Whitaker
State Bar No. 21273600
andrew.whitaker@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEY FOR PLAINTIFF
THE SAVINGS BANK MUTUAL
LIFE INSURANCE COMPANY OF
MASSACHUSETTS